HAGGAR APPAREL Co., Petitioner,

v.

Maria O. LEAL, Respondent.

No. 02–1182.

Supreme Court of Texas.

Dec. 31, 2004.

they cannot be rebutted by the uncorroborated proof of the moving party.").

Magdeline R. Esquivel, Robert D. Allen, Baker & McKenzie, LLP, Dallas, Chris A. Brisack, Neil E. Norquest, Rodriguez, Colvin, Chaney & Saenz, L.L.P., McAllen, Ofelia Garza De Los Santos, Steve Kardell Jr., Roland L. Leon, Barker, Leon, Fancher & Matthys, LLP, Jorge C. Rangel, The Rangel Law Firm, Corpus Christi, Jon D. Brooks, Law Office of Phil Sudan, Houston, for Petitioner.

John Gregory Escamilla, Rodriguez, Tovar, Calvillo & Garcia, McAllen, Aaron Pena Jr., Aaron Pena Associates, Edinburg, Francisco J. Rodriguez, for Respondent.

PER CURIAM.

Section 21.051 of the Texas Labor Code makes it unlawful for an employer to discharge an employee because of disability.[1] As relevant to this case, disability is defined as having a "physical impairment that substantially limits at least one major life activity ... or being regarded as having such an impairment."[2] The issue here is whether there is any evidence that respondent's physical impairments—carpal tunnel syndrome and lower back pain—substantially limited a major life activity, specifically, work. Assuming that work is a major life activity within the meaning of the statute, we conclude that there is no evidence of substantial limitation. Accordingly, we reverse the judgment of the court of appeals[3] and render judgment for petitioner.

Haggar Apparel Co. employed Maria Leal as a seamstress and label presser from 1979 to 1994. She worked on an assembly line. In 1983, Leal was diagnosed with carpal tunnel syndrome in her left wrist and successfully treated, but in 1993, she suffered a recurrence of that condition and also developed a similar condition in her right wrist as well as lower back problems. She was treated for several months during which she continued to work, although at lighter duties. One of her physicians released her to return to her regular job in June 1994, but she worked only a few days before taking a week's vacation. She returned to work more than two days late and was terminated. At the time, Leal was on probation for excessive, unexcused absences.

---

1. Tex. Lab.Code § 21.051 ("An employer commits an unlawful employment practice if because of ... disability ... the employer: (1) ... discharges an individual ....").

2. *Id.* § 21.002(6) ("'Disability' means, with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual ... or being regarded as having such an impairment.").

3. 100 S.W.3d 303 (Tex.App.Corpus–Christi 2002).

Leal sued Haggar for discharging her because of disability, age, and a worker's compensation claim. She also sued for intentional infliction of emotional distress. The jury returned a verdict for Leal on her disability claim but against her on the other three claims. The trial court rendered judgment on the verdict. Only Haggar appealed. The court of appeals affirmed.[4]

One purpose of chapter 21 of the Texas Labor Code[5] is to further the policies of Title 1 of the Americans with Disabilities Act of 1990, as amended ("the ADA").[6] Accordingly, in construing and applying chapter 21, we are guided by federal law.[7] The definition of "disability" in chapter 21, quoted above, is essentially the same as in the ADA.[8] Although federal regulations treat work as a major life activity within the statutory definition,[9] the United States Supreme Court stopped short of doing so in *Toyota Motor Mfg., Kentucky, Inc. v. Williams.*[10] Assuming it is, the Supreme Court held, to show a substantial limitation, "a claimant would be required to show an inability to work 'in a broad range of jobs,' rather than a specific job."[11] The trial court's instruction to the jury in this case was consistent with the Supreme Court's holding.[12]

The court of appeals acknowledged that Leal was required to prove, "at a minimum, that [she was] unable to work in a broad class of jobs,"[13] but it cited no evidence to support such a finding. The only evidence cited by the court of appeals was that Leal suffered an impairment, which is not disputed, that supervisors commented on her age, and that Haggar's plant manager testified that he would not rehire Leal unless she could work a ten-hour day.[14] Leal cites no other evidence to us in her brief.

Leal conceded at trial that shortly before she was terminated, one of her physicians released her to regular duty and another to moderate duty. Leal argues

**4.** *Id.*

**5.** Tex. Lab.Code § 21.001(3) ("The general purposes of this chapter are to . . . (3) provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments (42 U.S.C. Section 12101 et seq.)").

**6.** 42 U.S.C. §§ 12101–12117.

**7.** *Little v. Texas Dept. of Criminal Justice*, 148 S.W.3d 374, 382 (Tex.2004).

**8.** 42 U.S.C. § 12102(2) ("The term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . or (C) being regarded as having such an impairment.").

**9.** 29 C.F.R. § 1630.2(i) ("Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.").

**10.** 534 U.S. 184, 200, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) ("Because of the conceptual difficulties inherent in the argument that working could be a major life activity, we have been hesitant to hold as much, and we need not decide this difficult question today.").

**11.** *Id.* (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)).

**12.** " 'Substantially limits' (as applied to the 'major life activity' of 'working') means that an individual is restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working."

**13.** 100 S.W.3d at 308.

**14.** *Id.* at 311.

that the evidence showed she was unable to work at assembly line jobs like the one at Haggar, but it shows exactly the opposite: Leal continued to work at Haggar up to the day she was terminated. Even if Leal were correct, she does not argue that she was unable to work in a broad class of jobs. To the contrary, she testified that after she left Haggar she worked for a child care facility and applied to work at the public school.

*Toyota* presented a similar situation. The employee there worked on an engine fabrication assembly line.[15] After she contracted bilateral carpal tunnel syndrome and related impairments, her employer adjusted her work requirements but eventually terminated her, it said, for poor attendance.[16] She sued, alleging that she had been terminated because of her disability.[17] The Supreme Court rejected her argument that she was substantially limited in the major life activity of performing manual tasks. "When addressing the major life activity of performing manual tasks," the Court stated, "the central inquiry must be whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with her specific job."[18] Limitations on the employee's ability to perform specific aspects of one job did not meet this test.[19] Although the Court expressly did not consider the activity of working, an activity it distinguished from performing manual tasks, the logic of its analysis compels the result we reach here.

We hold that Leal did not adduce any evidence to support her claim that her impairment substantially limited her ability to work. Accordingly, we grant Haggar's petition for review and, without hearing oral argument,[20] reverse the court of appeals' judgment and render judgment that Leal take nothing.

---

15. 534 U.S. at 187, 122 S.Ct. 681.

16. *Id.* at 187–190, 122 S.Ct. 681.

17. *Id.* at 190, 122 S.Ct. 681.

18. *Id.* at 200–201, 122 S.Ct. 681.

19. *Id.* at 201, 122 S.Ct. 681.

20. Tex.R.App. P. 59.1.