Opinion issued April 13, 2006 
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00685-CV




JERRY WHITE, Appellant

V.

SCHLUMBERGER LIMITED, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 04CV137077


                                                                        

MEMORANDUM OPINION
          Appellant, Jerry White, appeals from a summary judgment rendered in favor
of appellee, Schlumberger Limited (“Schlumberger”). We determine (1) whether the
trial court erred in its summary-judgment ruling and (2) whether White has
inadequately briefed any challenges to the trial court’s denial of his motion for
continuance. We affirm the trial court’s judgment.Factual Background
          White was originally hired by Schlumberger


 as an assistant operator at its
Liberty facility (“the Liberty facility”) in 1981. White held several positions,
including senior operator, general operator, specialist operator, and gun loader. In
January of 1998, White was diagnosed with leukemia. White took a medical leave
of absence from his position as a general operator.


 White’s leukemia went into
remission, and he returned to work in April of 2000 as a drive operator, with the same
wages and benefits that he had had before his two-year medical leave of absence. 
When White returned to work, the operations manager of the Liberty facility was
Scott Marstellar. Shortly after returning to work, White transferred to a gun-loader
position, which included a pay increase.
          In March 2001, Ian Henkes replaced Marstellar as operations manager of the
Liberty facility. In October 2001, due to economic constraints and downturns in the
oil and gas business, Schlumberger initiated a series of reductions in force (“RIF”). 
Between September 21, 2001 and November 26, 2001, Henkes eliminated three
operator positions and one junior operator position as part of the RIF. On December
18, 2001, Henkes eliminated White’s gun-loader position. William Gallier, the
Quality Health and Safety Coordinator for the Liberty facility, assumed the additional
responsibilities of gun loader.
          White filed suit against Schlumberger, alleging (1) disability discrimination
under chapter 21 of the Texas Labor Code, (2) age discrimination under chapter 21
of the Texas Labor Code, and (3) intentional infliction of emotional distress. See
Tex. Lab. Code Ann. §§ 21.001–.556 (Vernon 1996 & Supp. 2005). Schlumberger
moved for rule 166a(c) summary judgment against White’s disability and age
discrimination actions on the ground that Schlumberger had articulated a legitimate,
non-discriminatory reason for White’s termination. Schlumberger also moved for
rule 166a(i) summary judgment in the same motion, asserting that there was no
evidence showing (1) that White was disabled as defined under chapter 21 of the
Texas Labor Code; (2) that Schlumberger’s explanation for terminating White was
pretextual under either White’s disability or age discrimination actions; (3) that there
was another position available at the time of White’s termination for which he was
qualified; (4) that Schlumberger acted intentionally or recklessly; (5) that
Schlumberger’s conduct was extreme or outrageous; and (6) that White suffered
severe emotional distress. On April 6, 2005, the trial court granted Schlumberger’s
motion for summary judgment, dismissing all of White’s claims against
Schlumberger. The trial court did not specify on what basis it rendered summary
judgment.
          On April 25, 2005, White filed a motion for new trial alleging that
Schlumberger had not adequately responded to White’s discovery requests and that
there were genuine issues of material fact in dispute. On June 3, 2005, the trial court
denied White’s motion for new trial. On July 6, 2005, White filed his notice of
appeal.                                                            Summary Judgment
          In point of error one, White argues that “[t]he trial court abused its discretion
in dismissing [his] wrongful termination claim.” Specifically, White argues that the
trial court improperly granted summary judgment because White satisfied the
definition of “disabled,” Schlumberger’s legitimate reason for terminating White was
one of convenience, and White had a long history as a valuable Schlumberger
employee.
A.      Standard of Review
          The propriety of summary judgment is a question of law, and we thus review
the trial court’s ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant’s favor. Johnson County Sheriff’s Posse v. Endsley, 926 S.W.2d 284,
285 (Tex. 1996). When a summary-judgment order does not state the grounds upon
which it was granted, the summary judgment may be affirmed on any of the movant’s
theories that has merit. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 627 (Tex.
1996). Appellate courts should consider all grounds for summary judgment that the
movant presented to the trial court when they are properly preserved for appeal. Id.
at 625. Thus, the party appealing from such order must show that each of the
independent arguments alleged in the motion is insufficient to support the order.
Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ
denied); McCrea v. Cubilla Condo. Corp., 685 S.W.2d 755, 757 (Tex.
App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.).
          The movant for traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). A defendant moving for traditional summary judgment must either
disprove at least one element of each of the plaintiff’s causes of action or plead and
conclusively establish each essential element of its affirmative defense, thereby
rebutting the plaintiff’s causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the non-movant’s claims on which the non-movant would have the burden of proof at trial. Flameout Design & Fabrication, Inc.
v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.). Once the movant specifies the elements on which there is no
evidence, the burden shifts to the non-movant to raise a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be
sustained when (1) there is a complete absence of evidence of a vital fact, (2) the
court is barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. King Ranch, 118 S.W.3d at 751.  
 
B.      Unchallenged Rulings
          White does not challenge on appeal the summary judgment to the extent that
it was rendered on the rule 166a(i) grounds that there was no evidence showing (1)
that there was another position available at the time of White’s termination for which
he was qualified; (2) that Schlumberger acted intentionally or recklessly; (3) that
Schlumberger’s conduct was extreme or outrageous; or (4) that White suffered severe
emotional distress.


 
          These elements related to White’s age discrimination and intentional-infliction-of-emotional-distress claims. Because White does not challenge these bases for
summary judgment, we affirm the trial court’s judgment rendered as to White’s age
discrimination and intentional-infliction-of-emotional-distress claims against
Schlumberger. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Garcia v.
Nat’l Eligibility Express, Inc., 4 S.W.3d 887, 889 (Tex. App.—Houston [1st Dist.]
1999, no pet.).
 
 
C.      Disability Discrimination Claim
          White brought his claim of disability discrimination under chapter 21 of the
Texas Labor Code. See Tex. Lab. Code Ann. §§ 21.001–.556. Chapter 21 provides
that an employer commits an unlawful employment practice if the employer refuses
to hire an individual on the basis of a disability. Id. § 21.051 (Vernon 1996). One
of the purposes behind chapter 21 is to provide for the execution of the policies
embodied in Title I of the Americans with Disabilities Act of 1990 (“ADA”)


 and its
subsequent amendments. Id. § 21.001(3) (Vernon 1996); see Haggar Apparel Co. v.
Leal, 154 S.W.3d 98, 100 (Tex. 2004). Because chapter 21 seeks to promote federal
civil rights policy, it is proper to look to analogous federal precedent in interpreting
chapter 21. Little v. Tex. Dep’t of Criminal Justice, 148 S.W.3d 374, 382 (Tex.
2004); Morrison v. Pinkerton, Inc., 7 S.W.3d 851, 854 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). 
          In discrimination cases that have not been fully tried on the merits, we apply
the burden-shifting analysis established by the United States Supreme Court. 
Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003); see Reeves v.
Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142–43, 120 S. Ct. 2097, 2106
(2000); St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 506–07, 113 S. Ct. 2742, 2747
(1993); Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S. Ct.
1089, 1093–94 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03,
93 S. Ct. 1817, 1824–25 (1973). Under the burden-shifting analysis, the plaintiff has
the initial burden to come forward with evidence establishing a prima facie case of
discrimination. Reeves, 530 U.S. at 142, 120 S. Ct. at 2106; Quantum, 47 S.W.3d at
477. The plaintiff’s establishment of a prima facie case creates a rebuttable
presumption that the employer unlawfully discriminated against the employee. 
Burdine, 450 U.S. at 254, 101 S. Ct. at 1094; Quantum, 47 S.W.3d at 477. If the
plaintiff is successful in making a prima facie case, the burden shifts to the employer
to articulate some legitimate, non-discriminatory reason for its rejection of the
plaintiff. Reeves, 530 U.S. at 142, 120 S. Ct. at 2106; Quantum, 47 S.W.3d at 477. 
If the employer succeeds in carrying its burden of production, the presumption of
discrimination is eliminated, and the burden shifts back to the plaintiff to present
evidence that the stated reason was merely a pretext for discrimination. Reeves, 530
U.S. at 142–43, 120 S. Ct. at 2106; Quantum, 47 S.W.3d at 477. Even though the
burden of production shifts, the burden of persuasion remains continuously with the
plaintiff. Reeves, 530 U.S. at 143, 120 S. Ct. at 2106; Farrington v. Sysco Food
Servs., Inc., 865 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1993, writ denied).
 
          To prove a violation of section 21.051 on the basis of disability, an employee
must show that (1) he is disabled, (2) he suffered adverse employment action, and (3)
non-protected employees were not treated similarly. See Greathouse v. Alvin Indep.
Sch. Dist., 17 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2000, no pet.);
Azubuike v. Fiesta Mart, Inc., 970 S.W.2d 60, 64 (Tex. App.—Houston [14th Dist.]
1998, no pet.).
          1.       Legitimate, Non-discriminatory Reason
           For purposes of this discussion, we assume without deciding that White
produced more than a scintilla of evidence that he was disabled to establish a prima
facie case of disability discrimination. The burden then shifted to Schlumberger to
articulate a legitimate, non-discriminatory reason for White’s termination. 
Slumberger moved for traditional summary judgment on this ground. See Quantum,
47 S.W.3d at 477. 
          Schlumberger proffered the following non-discriminatory reason for White’s
termination: Schlumberger terminated White’s employment due to economic
constraints and downturns in the oil and gas business. Schlumberger attached the
affidavit of Henkes to its motion for summary judgment. Henke’s affidavit
established that, when Schlumberger terminated White, it faced economic difficulties
and that the RIF was necessary due to economic constraints and downturns in the oil
and gas business. The RIF extended to all of Schlumberger’s locations in the United
States. The summary-judgment evidence established that, from August 2001 through
December 2002, over 500 employees were terminated pursuant to Schulmberger’s
nationwide RIF and that from October to December 2001, four of these employees
were laid off from the Liberty facility. 
          A reduction in force is a legitimate, non-discriminatory reason for an
employee’s termination. Russo v. Smith Intern., Inc., 93 S.W.3d 428, 438 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied); see Nichols v. Loral Vought Sys.
Corp., 81 F.3d 38, 41 (5th Cir. 1996). We hold that Schlumberger’s production of
this legitimate, non-discriminatory reason eliminated any presumption of
discrimination that could have been created by the White’s prima facie showing
which we assume without deciding that he made. Burdine, 450 U.S. at 254, 101 S.
Ct. 1089; Quantum, 47 S.W.3d at 477.
          2.       Pretext for Discrimination
          Once an employer produces sufficient evidence to support a non-discriminatory
explanation for its decision, a plaintiff must be afforded the opportunity to show “that
the legitimate reasons offered by the defendant were not its true reasons, but were a
pretext for discrimination.” Reeves, 530 U.S. at 143, 120 S. Ct. at 2106 (citing
Burdine, 450 U.S. at 253, 101 S. Ct. at 1093). That is, a plaintiff may attempt to
prove that he was the victim of intentional discrimination “by showing that the
[defendant’s] proffered explanation is unworthy of credence.” Id. Although the
presumption of discrimination disappears once the defendant meets its burden of
production, it is still proper to consider the evidence establishing the plaintiff’s prima
facie case “and inferences properly drawn therefrom . . . on the issue of whether the
defendant’s explanation is pretextual.” Id. As noted above, because a plaintiff
pursuing a state-law claim under chapter 21 must show that discrimination was “a
motivating factor” in an adverse employment action, the Texas Supreme Court in
Quantum noted that “[p]roving [that] the employer’s stated reason for the [adverse
employment action] is [a] pretext is ordinarily sufficient to permit the trier of fact to
find that the employer was actually motivated by discrimination.” 47 S.W.3d at
481–82 (citing Reeves, 530 U.S. at 147–48, 120 S. Ct. at 2108–09); see Tex. Lab.
Code Ann. § 21.125(a). 
          In the summary-judgment setting, however, the plaintiff need not prove pretext,
but need merely establish a genuine issue of material fact on the matter. Amburgey
v. Corhart Refractories Corp., 936 F.2d 805, 813 (5th Cir. 1991); Russo, 93 S.W.3d
at 438. Whether summary judgment is appropriate will depend upon numerous
factors, including “the strength of the plaintiff’s prima facie case, the probative value
of the proof that the employer’s explanation is false, and any other evidence that
supports the employer’s case and that properly may be considered.” Price v. Fed.
Exp. Corp., 283 F.3d 715, 720 (5th Cir. 2002) (citing Reeves, 530 U.S. at 148–49,
120 S. Ct. at 2109). “[A]n employer would be entitled to judgment as a matter of law
if the record conclusively revealed some other, non-discriminatory reason for the
employer’s decision, or if the plaintiff created only a weak issue of fact as to whether
the employer’s reason was untrue and there was abundant and uncontroverted
independent evidence that no discrimination had occurred.” Reeves, 530 U.S. at 148,
120 S. Ct. at 2109.
           White contends that Schlumberger’s proffered legitimate, non-discriminatory
reason for terminating his employment was pretextual because Schlumberger did not
specifically explain why White’s position was eliminated and because another
employee assumed White’s responsibilities when White was terminated. To avoid
summary judgment, White had to provide more than a scintilla of evidence that the
true reason that Schlumberger terminated his employment was disability
discrimination. See Farrington, 865 S.W.2d at 251–52; Winters v. Chubb & Son,
Inc., 132 S.W.3d 568, 576 (Tex. App.—Houston [14th Dist.] 2004, no pet.); see also
Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir.1996). Schlumberger’s
summary-judgment evidence established that Henkes eliminated the gun-loader
position at the Liberty facility because “it was not necessary to have a full-employee
in that position and it was not critical to Schlumberger’s operations.” Henkes further
explained in his affidavit that, at the time of his termination, White was the only
remaining non-exempt employee who had been given a “C” rating


 for his current and
previous SLP3 Grade.


 The summary-judgment evidence also established that,
following White’s termination, Gallier was charged with the gun-loader duties, in
addition to his responsibilities as Quality Health and Safety Coordinator, because a
full-time gun-loader position was not necessary. Henkes explained that Gallier was
chosen to assume the gun loader’s responsibilities because he had previously worked
as a gun loader and had more seniority at Schlumberger than White. White produced
no summary-judgment evidence that controverted Schlumberger’s summary-judgment
evidence.
          Reviewing the evidence in the light most favorable to White, we hold that he
did not produce a scintilla of evidence that Schlumberger’s company-wide RIF in
response to the downturn in the oil and gas industry was a pretext for discrimination.
          We overrule White’s first point of error.                                                Discovery
          In his second point of error, White argues that “[t]he trial court’s failure to
allow [White] sufficient discovery to properly develop his case resulted in prejudicial
error.”
          Beyond stating this contention as an issue presented, White offers no argument,
no citations to the record, and no authority. We overruled White’s second point of
error because he has not briefed it in any manner whatsoever. See Tex. R. App. P.
38.1(h); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.—Houston
[1st Dist.] 2000, no pet.). 
          We overrule White’s second point of error.Conclusion
          We affirm the judgment of the trial court.                                                
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Higley, and Bland.