

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-06-00302-CV

**RODNEY PAT RAMSEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 72606**

_____

# OPINION

_____

Rodney Pat Ramsey appeals from an order denying his petition for bill of review. Ramsey contends in four issues: (1) the court abused its discretion by failing to conduct a pretrial hearing to allow him to present prima facie proof of a meritorious ground for appeal; (2) the court abused its discretion by summarily denying his petition for failure to allege extrinsic fraud or official mistake without first conducting such a pretrial hearing; (3) the court abused its discretion by finding that his petition "makes no allegation of extrinsic fraud, error or mistake on the part of opposing party or of an

official court functionary";[1] (4) the court abused its discretion by making the quoted finding regarding extrinsic fraud while also making an allegedly "conflicting" finding that the petition "alleges an intrinsic mistake or error of opposing party or official court functionary"; and (5) the facts of his case "require a new and even more liberal protection" for similarly situated plaintiffs than is provided by current bill-of-review jurisprudence. We will affirm.

## Background

We begin with Ramsey's prosecution in 2000 for abuse of official capacity.[2] Following a plea bargain, the court placed Ramsey on deferred adjudication community supervision for two years. After Ramsey's term of community supervision expired, the court signed an order discharging him from community supervision.

Ramsey then filed a petition for nondisclosure of criminal information under section 411.081(d) of the Government Code. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, 2003 Tex. Gen. Laws 3499, 3500 (amended 2005) (current version at TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2007)). This statute provides in pertinent part:

> After notice to the state and a hearing on whether the person is entitled to file the petition and issuance of the order is in the best interest of justice, the court shall issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication.

---

[1]     Issues (2) and (3), as we have identified them, are both included within Issue No. 2 as presented in Ramsey's brief. Issues (4) and (5) as identified in this opinion thus refer to Issue Nos. 3 and 4 in Ramsey's brief.

[2]     Abuse of official capacity is a misdemeanor offense within the jurisdiction of a district court. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005) (district court has jurisdiction over "all misdemeanors involving official misconduct").

*Id.*

At the hearing on Ramsey's petition, Ramsey contended that the court should be able to determine the merits of the petition for nondisclosure from the pleadings alone and that he did not intend to offer any evidence. The State countered that Ramsey should be required to offer evidence to prove his entitlement to relief. The court took judicial notice of the contents of the file relating to Ramsey's prosecution. At the conclusion of the hearing, the court told the parties that it would take the matter under advisement and invited the parties to submit briefing.

The State filed a letter brief arguing, among other things, that Ramsey must present evidence to support his contention that nondisclosure would be in the best interest of justice, that Ramsey had failed to do so, and that a review of the record in Ramsey's case demonstrates in any event that nondisclosure would not be in the best interest of justice. Ramsey responded with an amended petition for nondisclosure and a request for a second hearing to present evidence regarding this disputed issue.

Nine days after Ramsey filed these pleadings, the court signed an order denying the petition for nondisclosure. Ramsey did not file a motion for new trial or appeal.

Ramsey filed his petition for bill of review about two years later. Ramsey alleges in this petition:

(1)     the court's refusal to conduct a second hearing violated his right to due process;

(2)     he had a meritorious claim for an order of nondisclosure based on the testimony of unnamed witnesses who could provide testimony "relevant to the issue of the 'best interest of justice'" but who were

prevented from testifying because of the court's refusal to conduct a second hearing;

(3)     because notice of hearing was published in a local paper identifying the proceeding as "*Ex parte Ramsey*," he mistakenly believed that the State would not oppose his petition and thus did not prepare to present evidence or call any witnesses;

(4)     section 411.081(d) was a relatively new statute at the time of hearing and it was unclear whether an evidentiary hearing was required;

(5)     the court's reliance on the State's letter brief, which he characterizes as "information given by an official court functionary," constitutes an "official mistake" which resulted in the denial of his "right to cross examine or challenge the information supporting the State's position"; and

(6)     his failure to present evidence "was not due to any intentional act of fault or the result of negligence."

In a supporting brief, Ramsey cited the Supreme Court's decision in *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974), for the proposition that, rather than establishing a meritorious claim or defense, he needed to establish only a meritorious ground for appeal. To make a prima facie showing of the meritorious ground for appeal, Ramsey argued that the court's denial of his request for a second hearing constituted such a meritorious ground because it was, among other things, a violation of his right to due process.

The court denied Ramsey's petition without a hearing based on a finding that the petition alleged only an "intrinsic mistake or error" and did not allege "extrinsic fraud, error or mistake."[3]

## Bill of Review

A bill of review is an equitable proceeding to set aside a prior judgment which can no longer be challenged by motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The traditional elements for a bill of review are:

(1) a meritorious claim or defense with regard to the underlying cause of action;

(2) which the bill-of-review plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake;

(3) unmixed with any fault or negligence on the part of the bill-of-review plaintiff.

*Caldwell*, 154 S.W.3d at 96; *Baker*, 582 S.W.2d at 406-07; *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Nelson v. Williams*, 135 S.W.3d 202, 205 (Tex. App.—Waco 2004, pet. denied).

The elements vary somewhat depending on whether the bill-of-review plaintiff actually participated in the underlying litigation. *See* Roger S. Braugh, Jr. & Paul C. Sewell, *Equitable Bill of Review: Unraveling the Cause of Action That Confounds Texas Courts*, 48 BAYLOR L. REV. 623, 645-60 (1996). The traditional elements apply as stated

---

[3] The trial court's order is entitled "Order Denying Hearing on Petitioner for Bill of Review." Although this caption suggests that this is an order denying only a hearing, the court stated in the concluding paragraph that it had "no authority to grant the relief requested." Thus, the order effectively denied Ramsey's petition.

above when the plaintiff did not participate in the trial of the underlying cause or for some reason was prevented from presenting the alleged meritorious claim or defense during the course of the trial.

However, in *Petro-Chemical*, the Supreme Court approved the use of a bill of review for a defendant who fully participated in a trial on the merits in the underlying cause but did not file a motion for new trial or appeal because the district clerk failed to give notice that the judgment had been signed. *See Petro-Chemical*, 514 S.W.2d at 245. In lieu of establishing a meritorious claim or defense with regard to the underlying claim, the Court held that a bill-of-review plaintiff in this scenario must establish "a meritorious ground of appeal." *Id.* (quoting *Overton v. Blum*, 50 Tex. 417, 426 (1878)); *see also San Patricio County v. Nueces County*, 214 S.W.3d 536, 544 (Tex. App.—Corpus Christi 2006, no pet.);[4] *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.).

Thus, when as here the bill-of-review plaintiff fully participated in the trial on the merits, the elements for the claim are:

(1)     a meritorious ground of appeal;

(2)     which the bill-of-review plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake;

---

[4]     The Corpus Christi Court's decision in *San Patricio County v. Nueces County* actually addressed the merits of two separate appeals between the parties: cause no. 13-05-00022-CV and cause no. 13-05-00075-CV. 214 S.W.3d 536, 541 (Tex. App.—Corpus Christi 2006, no pet.). The appeal docketed under the former cause number concerned a tax suit filed by San Patricio County, while the appeal docketed under the latter number concerned a bill of review filed by Nueces County. *Id.* at 541. No petition for review was filed with the Supreme Court in the bill-of-review appeal, but a petition has been filed and remains pending in the tax suit appeal.

>    (3)     unmixed with any fault or negligence on the part of the bill-of-review plaintiff.

*See San Patricio County*, 214 S.W.3d at 544; *Thompson*, 149 S.W.3d at 164.

### Standards of Review

As a general matter, we review a trial court's ruling on a bill of review under an abuse-of-discretion standard. *See Davis*, 227 S.W.3d at 302; *San Patricio County*, 214 S.W.3d at 544-45; *Thompson v. Tex. Dep't of Protective & Regulatory Servs.*, 123 S.W.3d 580, 582 (Tex. App.—El Paso 2003, pet. denied). However, the determination of whether a bill-of-review plaintiff has made a prima facie showing of a meritorious claim or defense (or of a meritorious ground for appeal) is a question of law. *Baker*, 582 S.W.2d at 408-09; *San Patricio County*, 214 S.W.3d at 545; *In re L.N.M.*, 182 S.W.3d 470, 474 (Tex. App.—Dallas 2006, no pet.). Thus, we review this determination de novo. *See Reliance Nat'l Indem. Co. v. Advance'd Temporaries, Inc.*, 227 S.W.3d 46, 50 (Tex. 2007) ("Appellate courts review legal determinations de novo"); *San Patricio County*, 214 S.W.3d at 545.

### *Baker* or *Petro-Chemical*?

Ramsey contends in his fourth issue that the facts of his case "require a new and even more liberal protection" for similarly situated plaintiffs than is provided by current bill-of-review jurisprudence. Ramsey says that *Baker* and similar cases do not apply because he did participate in the hearing on his petition for nondisclosure. However, he also says that *Petro-Chemical* does not apply because he "was denied the opportunity to fully present his case at the hearing." We disagree with this latter contention.

The traditional *Baker* standard applies when the plaintiff did not participate in the trial of the underlying cause (often suffering a default judgment or dismissal) or was prevented from presenting a meritorious claim or defense during the course of the trial because of the fraud, accident or wrongful act of the opposing party or because of official mistake. *See, e.g., Ross v. Nat'l Center for the Employment of the Disabled*, 197 S.W.3d 795, 796-97 (Tex. 2006) (per curiam) (default judgment); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 749 (Tex. 2003) (alleging 1883 agreed judgment was erroneously rendered by a conspiracy between defendant and plaintiff's counsel); *Davis*, 227 S.W.3d at 301 (dismissal for want of prosecution); *Nelson*, 135 S.W.3d at 204 (alleging attorney husband's failure to disclose forthcoming settlement which would yield fee in excess of $200 million and threats to render his law practice worthless if wife sought an appraisal prevented wife from presenting meritorious claim).

Conversely, the *Petro-Chemical* standard applies when the bill-of-review plaintiff participated in the trial of the underlying suit but was prevented from filing a motion for new trial or appeal because of the fraud, accident or wrongful act of the opposing party or because of official mistake. *See Petro-Chemical Transp.*, 514 S.W.2d at 245-46; *San Patricio County*, 214 S.W.3d at 544; *Thompson*, 149 S.W.3d at 164.

Here, the *Baker* line of cases does not apply because: (1) Ramsey participated in the hearing on his petition for nondisclosure; and (2) he was not prevented from presenting to the trial court the argument which serves as the basis for his bill of review (namely, that section 411.081 requires an evidentiary hearing). That the trial court rejected this argument does not mean that Ramsey was prevented from presenting it,

even assuming (which we do not) that the court erred by doing so. *See McGlothing v. Cactus Petroleum, Inc.*, 394 S.W.2d 955, 958 (Tex. Civ. App.—Waco 1965, writ ref'd n.r.e.) ("judicial error is not ground for vacating a judgment by equitable bill of review"); *Metropolitan Life Ins. Co. v. Pribble*, 130 S.W.2d 332, 338 (Tex. Civ. App.—Fort Worth 1939, writ ref'd) ("A court of equity will never set aside or enjoin a judgment on the ground of error or mistake in the judgment of the court of law."); Braugh & Sewell, 48 BAYLOR L. REV. at 637 n.87 ("Rendition of an improper judgment without more, however, is not actionable as official error by bill of review.").

Instead, *Petro-Chemical* applies to Ramsey's case. Ramsey took this position in his Brief in Support of Bill of Review which he filed with the trial court, and we hold that he was correct in doing so. Therefore, we overrule Ramsey's fourth issue.

**Necessity of Pretrial *Baker* Hearing**

Ramsey contends in his first issue that the court abused its discretion by failing to conduct a pretrial hearing under *Baker* to allow him to present prima facie proof of a meritorious ground for appeal. His contention arises from the following excerpt from *Baker*:

> First, in order to invoke the equitable powers of the court, the bill of review complainant must file a petition. This petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. The complainant must further allege, with particularity, sworn facts sufficient to constitute [a] defense and, as a pretrial matter, present prima facie proof to support the contention. This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits.

The relevant inquiry is not whether "the result would probably be different" on retrial as some Texas cases have indicated. Such a test would require the court to weigh the evidence. Rather, a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. This is a question of law for the court. Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

On the other hand, if a prima facie meritorious defense has been shown, the court will conduct a trial.

*Baker*, 582 S.W.2d at 408-09 (citations omitted).

In the later case of *Beck v. Beck*, the trial court conducted a pretrial "*Baker* hearing" and dismissed the bill-of-review proceeding because it found that the plaintiff had failed to make a prima facie showing of a meritorious defense. 771 S.W.2d 141, 141 (Tex. 1989). The court of appeals affirmed on different grounds, assuming without deciding that the plaintiff had made the requisite prima facie showing but concluding nevertheless that the plaintiff's pleadings established her negligence as a matter of law. *Id.*

The Supreme Court reversed because the only trial court ruling subject to appellate review was the determination that the plaintiff had failed to make a prima facie showing. *Id.* at 141-42. In other words, the court of appeals erroneously affirmed the decision on a theory raised for the first time on appeal.

Ramsey cites *Beck* for the proposition that a court errs if it fails to first conduct the pretrial hearing described in *Baker*. We disagree. As we have explained, the Supreme Court's decision in *Beck* was based not on a failure to follow the suggested *Baker* procedure but on the appellate court's failure to address the sole basis for the trial court's decision.

Some appellate courts have implicitly or expressly declined to view the *Baker* procedure as an absolute requirement. *See, e.g., Thompson*, 149 S.W.3d at 165 ("It often occurs, as it did in this case, that the trial court does not follow the suggested procedure and makes no pre-trial determination as to whether the bill of review petitioner has made a prima facie showing of a meritorious defense (or ground of appeal), but tries all the bill of review issues together."). The Fourteenth Court of Appeals has explained why it does not believe *Baker* to have established a required procedure.

> We note that while it is clear that the existence of a prima facie meritorious defense must be determined as a pretrial matter, nowhere in *Beck* or *Baker* does the supreme court state that the trial court must conduct a separate hearing in making that determination. Rather, the *Beck* and *Baker* courts held only that a bill of review plaintiff must present a prima facie meritorious defense. If the trial court subsequently determines that a defense has not been made out, it may dismiss the case. Moreover, a requirement that a trial court conduct a separate hearing to determine whether a meritorious defense exists would defeat the purpose of such a pretrial determination, that is, judicial economy.

*Ortmann v. Ortmann*, 999 S.W.2d 85, 88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citation omitted).

Even the Supreme Court has not been entirely clear on this matter. In *Beck*, the Court described the *Baker* preliminary procedure as one which they had "directed," as a "suggested procedure," and as an "authorized" procedure. *Beck*, 771 S.W.2d at 142.

We agree with the Fourteenth Court's view. The *Baker* pretrial hearing is a "suggested procedure" which a trial court may choose not to employ. Accordingly, we overrule Ramsey's first issue.

## Denial Without Pretrial Hearing

Ramsey contends in his second issue[5] that the court abused its discretion by summarily denying his bill-of-review petition for failure to allege extrinsic fraud or official mistake without first conducting a *Baker* pretrial determination regarding whether he had presented prima facie proof of a meritorious ground for appeal.

We have already determined that the *Baker* pretrial hearing regarding prima facie proof of a meritorious ground for appeal is not an absolute requirement. In construing *Baker*, however, *Beck* establishes two related principles for an appeal in a bill-of-review proceeding.

---

[5] Ramsey's brief does not present his appellate contentions in a clear, concise, or organized fashion. *Cf.* TEX. R. APP. P. 38.1(h) ("brief must contain a clear and concise argument for the contentions made"). Nevertheless, we are constrained to construe an appellant's brief liberally and review "every subsidiary question that is fairly included" within a particular issue or point. *See id.* 38.1(e), 38.9; *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied); *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 871 n.2 (Tex. App.—Corpus Christi 2006, pet. denied); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 781 & n.5 (Tex. 2005) (addressing similar rule applicable to briefs filed in the Supreme Court).

(1) If a trial court dismisses a bill-of-review petition for failure to present a prima facie meritorious claim or defense, then that is the sole issue to be reviewed on appeal. *See Beck*, 771 S.W.2d at 142;[6]

(2) A bill-of-review proceeding is governed by the rules applicable to civil suits generally and may not be summarily dismissed for a reason other than the failure to make a prima facie showing of a meritorious claim or defense. *See Beck*, 771 S.W.2d at 142 (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)); *see also Ross*, 197 S.W.3d at 798 (criticizing trial court's dismissal of bill of review because of plaintiff's failure to appear without first considering lesser sanctions); *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam) (trial court erred by dismissing bill of review without first giving plaintiff notice and opportunity to be heard); 5 Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice § 29:6 (2d ed. 1999) (a bill-of-review "cause proceeds in most respects as would any other civil action").[7]

Ramsey's complaint concerns the second of these principles.

In *Ince v. Ince*, 58 S.W.3d 187, 189-90 (Tex. App.—Waco 2001, no pet.), this Court held that a bill-of-review proceeding may be summarily dismissed under *Baker* if the plaintiff fails to: (1) file an adequate petition; or (2) make a prima facie showing of a meritorious claim or defense.

Only upon satisfaction of both requirements will the court grant a new trial. Otherwise, the court will automatically dismiss the case without motion or request from either party. *Baker*, 582 S.W.2d at 408.

---

[6] *Cf. Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (summary judgment which does not specify the basis for the court's ruling may be affirmed only on "theories presented to the trial court and preserved for appellate review").

[7] *Cf. Moonlight Invs., Ltd. v. John*, 192 S.W.3d 890, 893 (Tex. App.—Eastland 2006, pet. denied) ("a party is generally required to file a special exception to challenge a defective pleading"); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied) (similar statement); *Winters v. Parker*, 178 S.W.3d 103, 105-06 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (similar statement).

*Id.* at 190. Accordingly, this Court held that Derek Ince's bill-of-review petition was properly dismissed by the trial court because it alleged only intrinsic fraud. [8] *Id.* at 191.

On further review, it appears that our reading of *Baker* was erroneous. In that case, the Supreme Court established a pleading requirement, namely, a bill-of-review "petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with [the complainant's] own negligence." *Baker*, 582 S.W.2d at 408. In addition, the Court established what we have now described as a suggested pretrial procedure for a determination of whether the plaintiff can make a prima facie showing of a meritorious claim or defense. *Id.* at 408-09. "If the court determines *that a prima facie meritorious defense* [or claim] *has not been made out*, the proceeding terminates and the trial court shall dismiss the case." *Id.* at 409 (emphasis added). According to the plain language of *Baker*, the Court authorized the summary dismissal of a bill-of-review proceeding only if the plaintiff fails to make this prima facie showing. *See Beck*, 771 S.W.2d at 142 ("We hold that in conducting the pre-trial hearing authorized by *Baker v. Goldsmith*, the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense.").

We cited three decisions other than *Baker* to support our holding in *Ince*: *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex. 1989) (orig. proceeding); *Transworld Financial*

---

[8] To prevail in a bill of review on the basis of fraud, the plaintiff must establish extrinsic fraud as opposed to intrinsic fraud. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 1001 (1950).

*Services Corp. v. Briscoe*, 722 S.W.2d 407 (Tex. 1987); and *Wise v. Fryar*, 49 S.W.3d 450 (Tex. App.—Eastland 2001, pet. denied).

In *Transworld Financial Services*, the Supreme Court affirmed a trial court's dismissal of a bill-of-review proceeding in which the plaintiff had failed to allege extrinsic fraud. 722 S.W.2d at 407. In *Ince* however, we failed to consider the procedural vehicle by which the trial court made this ruling. The pleading defect in *Transworld Financial Services* was raised by special exception. *See Briscoe v. Transworld Fin. Servs. Corp.*, 705 S.W.2d 288, 290 (Tex. App.—San Antonio 1986), *rev'd*, 722 S.W.2d 407 (Tex. 1987). The trial court sustained the special exception, the Briscoes refused to amend their petition, and the court dismissed the case. *Id.* Thus, *Transworld Financial Services* does not authorize the summary dismissal of a bill-of-review proceeding for insufficient pleadings.

Neither does *Tice* support this proposition. In *Tice*, a plaintiff whose judgment the Supreme Court had affirmed filed a mandamus petition with the Supreme Court to prevent the City of Pasadena (the judgment debtor) from pursuing a bill of review in the trial court. 767 S.W.2d at 701-02. The Supreme Court held that Pasadena had failed to allege extrinsic fraud and granted mandamus relief prohibiting and enjoining Pasadena from further prosecution of the bill-of-review proceeding which raised matters already fully litigated by the parties and which "would interfere with the judgment of [that] court." *Id.* at 704-05. Because of the unique procedural posture of *Tice*, it should not be read as authorizing a summary dismissal for defective pleadings by the trial court.

By comparison, *Wise* appears to support this proposition. However, *Wise* is not entirely clear on the matter and, until this Court's decision in *Ince*, apparently stood alone.[9] In *Wise*, the trial court held a pretrial hearing, ostensibly to determine whether the plaintiff could make the requisite prima facie showing. *See* 49 S.W.3d at 453-54. In that hearing, the plaintiff presented testimony relevant to his meritorious defense (lack of paternity) and to the issue of whether his failure to present this meritorious defense at trial was without negligence or fault on his part. *Id.* The trial court denied the petition "without reaching the merits," but it is unclear from the opinion what the basis for the trial court's decision was. *Id.* at 452. Nonetheless, the Eastland Court of Appeals affirmed in part because: (1) the plaintiff failed to establish that his failure to pursue paternity testing was without negligence or fault on his part; and (2) he alleged and offered evidence of only intrinsic fraud. *Id.* at 454-55.

We believe that *Wise* is inconsistent with Supreme Court precedent insofar as it stands for the proposition that a trial court may summarily dismiss a bill-of-review proceeding because of the plaintiff's failure to make a prima facie showing of any element of the bill-of-review claim other than the requirement that the plaintiff establish

---

[9]     Our research has unearthed no Supreme Court decision since *Beck* which could be read to support the proposition that a trial court may summarily dismiss a bill of review for any reason other than the plaintiff's failure to make a prima facie showing of a meritorious claim or defense (or ground for appeal). By contrast, several intermediate appellate courts have, since *Wise*, indicated approval of the approach taken in *Wise* and *Ince*. *See, e.g., In re Office of Att'y Gen.*, No. 12-07-00242-CV, 2007 WL 2318887, at *2 (Tex. App.—Tyler Aug. 15, 2007, orig. proceeding) (mem. op.); *In re Att'y Gen.*, 184 S.W.3d 925, 927-29 (Tex. App.—Beaumont 2006, orig. proceeding) (per curiam); *Temple v. Archambo*, 161 S.W.3d 217, 226-27 (Tex. App.—Corpus Christi 2005, no pet.). Another line of cases, which predates *Wise*, holds that a bill-of-review plaintiff is not entitled to pretrial paternity testing under the discovery rules if the plaintiff's pleadings do not adequately allege the requisite elements for the bill-of-review claim. *See, e.g., Amanda v. Montgomery*, 877 S.W.2d 482, 486-87 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding); *Spears v. Haas*, 718 S.W.2d 756, 758 (Tex. App.—Corpus Christi 1986, orig. proceeding). However, this line of cases does not authorize a summary dismissal because of inadequate pleadings.

a meritorious claim or defense (or ground for appeal). *See Ross*, 197 S.W.3d at 798; *Gold*, 145 S.W.3d at 214; *Beck*, 771 S.W.2d at 142. We overrule our decision in *Ince* to the extent it stands for the proposition that a trial court may summarily dismiss or deny a bill-of-review proceeding due to insufficient pleadings. *Id.*

Accordingly, we hold that the trial court erred when it summarily denied Ramsey's bill-of-review petition for failure to allege extrinsic fraud or official mistake because that issue was not raised by special exception or other proper motion.

## Harm

We now determine whether this error is subject to a harm analysis. The Fourteenth Court has concluded that procedural errors of this nature in a bill-of-review proceeding are not subject to a harm analysis. *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 494 (Tex. App.—Houston [14th Dist.] 2005), *pet. denied sub nom. United States v. Boateng*, 50 Tex. Sup. Ct. J. 652, 2007 WL 1160435 (Tex. Apr. 20, 2007) (per curiam). "The cases [the Fourteenth Court] found hold that this error is not subject to a harm analysis." *Id.* We decline to follow the Fourteenth Court's lead in this regard.

First, the Fourteenth Court cited six decisions in bill-of-review cases which reversed the trial court's judgment without conducting a harm analysis. *Id.* However, not one of these cases addressed *whether* a harm analysis should be conducted.

More importantly, the Supreme Court has conducted a harm analysis in a procedurally similar case. *See Caldwell*, 154 S.W.3d at 98. In *Caldwell*, the trial court conducted a pretrial hearing in which the plaintiff Caldwell presented evidence that he

had not been served with process.[10]  However, conflicting evidence on this issue was presented during the hearing and, after the hearing, the court rendered a decision denying the bill of review, largely because it did not find Caldwell to be a credible witness.  *Id.* at 96.  The Supreme Court held that the trial court erred by summarily determining this issue without a trial but did not reverse until it determined that this was "harmful error."  *Id.* at 98; *see also Elliott v. Elliott*, 21 S.W.3d 913, 921-22 (Tex. App.—Fort Worth 2000, pet. denied) (holding that the bill-of-review plaintiff was not harmed by trial court's exclusion of expert opinion testimony during preliminary *Baker* hearing).

Under Rule 44.1(a), a trial court error requires reversal if it: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to this Court.  TEX. R. APP. P. 44.1(a).

Here, the trial court dismissed the case because Ramsey failed to allege extrinsic fraud or official misconduct.  Ordinarily, a pleading defect must be challenged by special exception.  *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Moonlight Invs., Ltd. v. John*, 192 S.W.3d 890, 893 (Tex. App.—Eastland 2006, pet. denied) ("a party is generally required to file a special exception to challenge a defective pleading"); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied) (similar statement); *Winters v. Parker*, 178 S.W.3d 103, 105-06 (Tex. App.—Houston [1st Dist.]

---

[10]     The purpose of this pretrial hearing was apparently to determine whether Caldwell could make a prima facie showing of a meritorious defense.  *See Baker v. Goldsmith*, 582 S.W.2d 404, 408-09 (Tex. 1979).  However, the Supreme Court explained in *Caldwell* that, when a bill-of-review plaintiff alleges lack of service, no preliminary *Baker* hearing is required and the plaintiff is entitled to a trial on the issue of whether he was served.  *See Caldwell v. Baker*, 154 S.W.3d 93, 97-98 (Tex. 2004) (per curiam).

2005, no pet.) (similar statement). "However, when the pleading deficiency is the type that cannot be cured by an amendment, a special exception is unnecessary and a summary judgment based on the pleading's failure to state a legal claim is in order." *Heil Co.*, 191 S.W.3d at 817 (citing *Friesenhahn*, 960 S.W.2d at 658).

The primary purpose of a special exception is to give the pleader notice of a pleading deficiency and an opportunity to cure by amending the pleading. *See Friesenhahn*, 960 S.W.2d at 659; *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.). But settled case law establishes that the pleader need be granted the opportunity to amend "only if it is possible to cure the pleading defect." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Here, the defect cannot be cured.

To prevail in this proceeding, Ramsey must allege and prove under *Petro-Chemical* that he was prevented from pursuing a meritorious ground of appeal because of extrinsic fraud or official mistake, unmixed with any negligence of his own.[11] *See San Patricio County*, 214 S.W.3d at 544; *Thompson*, 149 S.W.3d at 164. However, much of Ramsey's trial pleadings and appellate briefing focus on alleged fraud and official mistakes which prevented him from presenting additional evidence in the "trial" of his original petition for nondisclosure. But he clarifies on page 25 of his appellant's brief the reason he failed to pursue an appeal of the trial court's denial of the petition for nondisclosure. "Appellant, acting in a pro se capacity, was under the impression that

---

[11] By reciting the *Petro-Chemical* bill-of-review elements, Ramsey acknowledged as much in the brief he filed with the trial court in support of his bill of review.

such a ruling was a final ruling and not subject to appeal, a belief that was in error, but not due to negligence." Ramsey made a similar statement on page 2 of the brief he filed in the trial court in support of the bill of review. "Because the Petitioner was uncertain of the right of appeal, combined with the heavy burden of proving abuse of discretion, the Petitioner did not file a timely appeal."

"Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (quoting *Houston First Am. Sav. Ass'n v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)); *accord Green v. Ransor, Inc.*, 175 S.W.3d 513, 517 (Tex. App.—Fort Worth 2005, no pet.). This rule applies to appellate pleadings as well as trial pleadings. *See Tex. Dep't of Human Servs. v. Okoli*, No. 01-07-00103-CV, 2007 WL 1844897, at *6 (Tex. App.—Houston [1st Dist.] June 28, 2007, pet. filed); *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Thus, Ramsey judicially admitted that his failure to file an appeal was not due to fraud (extrinsic or intrinsic) or any official mistake. Accordingly, it is not possible for him to amend his pleading to allege otherwise, and "[r]emanding this case would serve no legitimate purpose." *See Koseoglu*, 233 S.W.3d at 840.

For these reasons, we hold that the trial court's error in summarily denying Ramsey's bill of review did not result in the rendition of an improper judgment or prevent Ramsey from properly presenting his case to this Court. *See* TEX. R. APP. P. 44.1(a). We overrule Ramsey's second issue.

## Conclusion

In view of our dispostion of Ramsey's second issue, we need not address the remaining issues. *Id.* 47.1. We affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray concurs with the following note: "The majority fails to recognize why and when a pretrial hearing is not required in a bill-of-review proceeding and thus erroneously holds the trial court erred and overrules prior precedent of t his Court. A trial court can dispense with the pretrial hearing in a bill-of-review proceeding if it rolls the issues to be decided in that hearing into a trial on the merits. The issues are the same and must be decided. There is frequently confusion about what constitutes a hearing, but I need not elaborate on that in this context. The trial court held its hearing in which it decided Ramsey was not entitled to proceed by bill-of-review. Properly following the precedent of this Court, cited by neither party and not argued as erroneously decided by either party, I would hold the trial court did not err and affirm its judgment. Thus I concur in the judgment, but only the judgment, of the Court which affirms the trial court's judgment.")
Affirmed
Opinion delivered and filed January 16, 2008
[CV06]