IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00158-CR

No. 10-09-00159-CR

 

Ex parte
William Johnson

 

 



From the 12th District Court

Walker County, Texas

Trial Court Nos. 24632 and 24634

 



MEMORANDUM  Opinion










 

            We withdraw the opinion and judgment
issued in these proceedings dated July 22, 2009, and issue this opinion and judgment dated August 5, 2009.

            William Johnson filed notices of
appeal with this Court regarding two writ of habeas corpus proceedings filed in
the trial court.  After the notices of appeal were filed, the Court was
informed that Johnson received all the relief he requested by the petitions for
writ of habeas corpus in the trial court.  If Johnson received the relief
requested, it would make the appeals moot and we would be without jurisdiction
to decide any issue.

            The Clerk of this Court notified
Johnson by letter that we questioned our jurisdiction.  In the same letter, the
Clerk warned Johnson that the Court would dismiss the appeals unless, within 21
days from the date of the letter, a response was filed showing grounds for
continuing the appeals.  Johnson has not provided a response.

            Accordingly, these appeals are
dismissed.  See Tex. R. App. P.
44.3. 

 

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeals
dismissed

Opinion
delivered and filed August 5, 2009

Do
not publish 

[CR25]






_x0000_s1026">
 


 



No. 10-03-00254-CV

 

Texas Department of 

Protective and Regulatory 

Services,

                                                                      Appellant

 v.

 

Gerry Mulligan,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2001-1038-3

 



MEMORANDUM 
Opinion



 








            Gerry Mulligan was terminated from
her employment as a Regional Technician for TDPRS.  She sued TDPRS under the Texas Commission on
Human Rights Act for discrimination based on a perceived disability.  Because Mulligan presented no evidence that
TDPRS’s perception of an impairment, if true, would substantially limit her
ability to work, we reverse this cause and render a judgment that Mulligan take
nothing.  

            The Act defines disability as a
“physical impairment that substantially limits at least one major life activity
. . . , a record of such impairment, or being regarded as having such an
impairment.”  Tex. Labor Code Ann. § 21.002 (6) (Vernon
Supp. 2004-2005).  Mulligan sued TDPRS
under the “regarded as” prong of the Act. 
To be considered disabled under the “regarded as” prong, a plaintiff
must show that the employer regarded the employee to be suffering from an
impairment within the meaning of the Act, not just that the employer believed
the employee to be somehow disabled.  Columbia Plaza Med. Ctr. Of Fort Worth Subsidiary, L.P. v. Szurek, 101 S.W.3d
161, 167 (Tex. App.—Fort Worth 2003, pet. denied); accord Spinks v. Trugreen
Landcare, L.L.C., 322 F. Supp.2d 784, 794 (S.D. Tex. 2004).

            The phrase “substantially limits” as
applied to the major life activity of working was defined in the charge as:

…an individual
is restricted in the ability to perform either a class of jobs or a broad range
of jobs in various classes as compared to the average person having comparable
training, skills and abilities.  The inability to perform a single,
particular job does not constitute a substantial limitation in the major life
activity of working.  (Emphasis
added).

 

Neither party
contests that working is a major life activity. 
To show a substantial limitation, a plaintiff is required to show an
inability to work in a class or broad range of jobs, rather than a specific
job.  See
Haggar Apparel Co. v. Leal, No.
02-1182, 2004 Tex. LEXIS 1423, *
3-4, 48 Tex. Sup. J. 273 (Tex.
Dec. 31, 2004); Union Carbide Corp. v. Mayfield, 66
S.W.3d 354, 368 (Tex. App.—Corpus Christi 2001, pet. denied).  See
also Murphy v. UPS, 527 U.S.
516, 524, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999).

            TDPRS voiced a motion for directed
verdict to the trial court and contends on appeal that the motion should have
been granted because the evidence does not establish that the perceived
“impairment” substantially limits Mulligan’s ability to work.[1]  

An
appeal from the denial of a motion for directed verdict is essentially a
challenge to the legal sufficiency of the evidence.  Fein v.
R.P.H., Inc., 68 S.W.3d 260, 265 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied). 
Therefore, we review the denial of a directed verdict by considering all
the evidence in the light most favorable to the non-movant, disregarding all
evidence to the contrary, and resolving all reasonable inferences in favor of
the non-movant.  Id.  To reverse the denial of a motion for
directed verdict, the appellant must show the evidence conclusively proves a
fact that establishes appellant's right to judgment as a matter of law, and
there is no evidence to the contrary.  Id.

            The only evidence
presented by Mulligan was that out of 60 jobs in the data processing division
of TDPRS, 45% of which were Regional Technician positions, 40 jobs required
lifting over 20 pounds.  At most, this
evidence suggests that Mulligan would be restricted from jobs in data
processing.  But the inability to perform
one job is not a substantial limitation. 


            There was no evidence
that Mulligan’s perceived impairment of a lifting restriction would restrict
her from a class of jobs or a broad range of jobs.  Mulligan’s position at TDPRS involved setting
up and troubleshooting computer systems. 
Mulligan had to prove that her perceived impairment would restrict her from
working in this type or class of job or a broad range of other jobs.  She did not. 


            Thus, there is no
evidence that Mulligan’s perceived “impairment” substantially limited her in
the major life activity of working.  The
trial court erred in denying TDPRS’s motion for directed verdict.




            Therefore, we reverse
the trial court’s judgment and render judgment that Mulligan take nothing.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Reversed and judgment rendered

Opinion delivered and filed March 23, 2005

[CV06]











[1] We
do not decide today whether the perceived impairment was actually an impairment
within the meaning of the Act.