Alan WINTERS and Janet Winters, Appellants,

v.

Lance PARKER, a/k/a Mabco, Inc., a/k/a Currentsonline.com, Inc., a/k/a Mindprint, Inc., a Texas Corporation and Patrick Flinn, A/K/A Hasty Ticen, Inc., A/K/A Currentsonline.com, Inc., A/K/A Mindprint, Inc., a Texas Corporation, Appellees.

No. 01–03–01334–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 16, 2005.

Harold Eisenman, Houston, TX, for Appellants.

Leonard H. Simon, The Simon Law Firm, Katherine Taylor Mize, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Appellants, Alan and Janet Winters, brought suit against appellees, Lance Parker (a/k/a Mabco, Inc., a/k/a Currentsonline.com, Inc., a/k/a Mindprint, Inc., a Texas Corporation) and Patrick Flinn (a/k/a Hasty Ticen, Inc., a/k/a Currentsonline.com, Inc., a/k/a Mindprint, Inc., a Texas Corporation). In three points of error, appellants contend that the trial court erred in granting appellees' no-evidence motions for summary judgment and Flinn's special exceptions.

We affirm.

## Background

Appellants invested in ProEducation International Inc. (ProEducation) in return for 50% ownership in a studio to be created for long distance learning courses and the provision that the appellants' health insurance would be paid for by ProEducation. Evidently, appellees sought additional funds from appellants, and appellants refused to pay. On July 1, 1999, Flinn sent a letter informing appellants that they must pay their own insurance premiums or the health insurance would be cancelled retroactive to June 1, 1999. Alan Winters (Winters) contacted HMO Blue to inquire about his coverage. HMO Blue told Winters that his coverage was in effect until September 1999. Winters did not pay the premiums.

On July 28, 1999, HMO Blue notified Winters that ProEducation had cancelled the health insurance retroactive to May 31, 1999. Winters contends that the next day he suffered a ruptured aneurysm which, in turn, caused a hemorrhagic stroke.

In May 2001, appellants filed this suit against Parker and Flinn, officers of ProEducation. Appellants claimed that when Winters learned that the health insurance was cancelled he became stressed, which elevated his blood pressure and was a cause of the ruptured aneurysm.

Parker and Flinn filed special exceptions. They argued that appellants had not pleaded the elements for either fraudulent transfer or conspiracy and that they had not stated a cause of action for personal injury. Parker and Flinn asked that appellants be ordered to replead, and the trial court so ordered.[1] Appellants filed their third amended petition on May 22, 2003.

In August 2003, Parker and Flinn filed separate no-evidence motions for summary judgment. Both argued that appellants had not pleaded a cause of action, but that, even if appellants had, there was no evidence of any of the elements of any cause of action pled. Flinn also filed special exceptions to appellants' third amended petition, arguing that appellants' allegations still did not allege a cause of action.

Appellants responded to the summary judgment motions by pointing to Winters's affidavit, which stated:

> In my case I most probably had a silent aneurysm as a congenital anomaly and the acute stress from the discovery that Flinn and Parker maliciously canceled my family's health insurance retroactively, sharply elevated my blood pressure and was a cause for the rupture of the aneurysm the very next morning. During my years as a primary care provider I saw many patients with stress-related diseases. Among them were patients with elevated blood pressure due to stress from external conditions. I screened these patients with elevated blood pressure for a variety of medical conditions, including vascular anomalies.

Appellants responded to Flinn's special exceptions by arguing they had pled the tort of "willful intent to injure." Appellants neither identified the elements of "willful intent to injure" nor cited to case law or a statute that recognizes "willful intent to injure" as a cause of action.

The trial court granted Flinn's special exceptions against appellants and dismissed the case against Flinn with prejudice. The trial court also granted Parker's and Flinn's no-evidence summary judgments.

Appellants moved for a new trial, which was denied. This appeal followed.

## Discussion

In their first point of error, appellants contend that they pleaded a cause of action. Appellants argue that they pleaded every element of intentional infliction of emotional distress in their third amended petition.

■■■ Summary judgment based on a pleading deficiency is proper if a party has had an opportunity by special exception to amend and the party fails to do so, or files a further defective pleading. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). In such a case, we subject the pleadings to a de novo review. *Id.; see Higbie Roth Const. Co. v. Houston Shell & Concrete*, 1 S.W.3d 808, 811–12 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

■■■ Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a

1. Appellants did not file a second amended petition with the trial court. Instead, appellants filed a third amended petition.

cause of action is by special exception. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983) (quoting *Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)). The trial court cannot dismiss the case at the same time it sustains special exceptions. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 658–59 (Tex.1998). Once special exceptions are sustained, the trial court must give the party an opportunity to amend before dismissing the case. *Id.* at 658. If the party does not amend, or the amended pleading fails to state a cause of action, then summary judgment may be granted. *Id.* Moreover, if the remainder of the pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex. App.-Houston [14th Dist.] 1992, writ denied); *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex.App.-Dallas 1993, writ dism'd w.o.j.).

The trial court granted Parker's and Flinn's special exceptions and allowed appellants to replead. Appellants repleaded by filing their third amended petition. Parker and Flinn filed no-evidence motions for summary judgment arguing that appellants had not pleaded a cause of action. Flinn also filed his second special exceptions.

■ Appellants contend that they pleaded intentional infliction of emotional distress. The elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex.2000). Appellants have failed to plead any extreme or outrageous conduct by appellees. Liability for outrageous conduct may be found only where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993).

■ Here, appellants have cited no authority and offered no evidence that the notice of cancellation of their health insurance policy was extreme, outrageous, or outside appellees' legal rights. The Texas Supreme Court has held that a party must have some latitude to exercise his rights, even if some emotional distress will result. *See O'Bryant*, 18 S.W.3d at 217; *Gaspard v. Beadle*, 36 S.W.3d 229, 237–38 (Tex. App.-Houston [1st Dist.] 2001, pet. denied) (holding that sending a bill and ending a relationship does not constitute extreme and outrageous behavior).

After carefully reviewing appellants' third amended petition, we conclude that the trial court did not err by granting Parker's and Flinn's summary judgments. Appellants did not plead a cause of action. Appellants cite no authority and offer no evidence that the cancellation of their health insurance constituted extreme and outrageous behavior.

We overrule appellants' first point of error.

Because the trial court properly dismissed the suit against Parker and Flinn after first allowing appellants the opportunity to replead, we need not reach appellants' remaining two points of error.

## Conclusion

We affirm the judgment of the trial court.