TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00280-CV






Roger Sluder, Appellant


v.


Carol Joyce Ogden, Appellee






FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT

NO. CV06875, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Roger Sluder filed suit against Carol Joyce Ogden alleging an ownership
interest in a tract of land and requesting both an injunction against Ogden's sale of the land and
unspecified damages. Ogden filed a motion for Rule 13 sanctions against Sluder and his attorney,
claiming that the petition was groundless and filed in bad faith because Sluder had no interest in the
property. See Tex. R. Civ. P. 13. After a hearing, the trial court dismissed the action with prejudice
and granted the motion for sanctions, ordering Sluder and his attorney to pay $2,000 in attorney's
fees to Ogden's counsel. Sluder appeals, alleging that the trial court abused its discretion because
(1) the petition was not groundless, (2) Sluder did not sign the pleadings, and therefore sanctions
against him were improper, and (3) the sanctions violated the Texas Constitution. We affirm the trial
court's order.




BACKGROUND

 On November 4, 2009, Sluder filed an original petition for damages and injunctive
relief in Blanco County District Court. The petition alleged that Carol Joyce Ogden, Sluder's
mother, was attempting to sell a 10.66-acre tract of land in which Sluder claimed an ownership
interest ("Tract 58"). Sluder requested that the court issue an injunction of the sale and unspecified
damages. He attached a warranty deed, recorded in Blanco County in 2005, that conveyed Tract 58
solely to Ogden. Sluder did not present any other facts in his petition to support his alleged
ownership interest in the property. Ogden then filed an answer and motion for sanctions pursuant
to Rule 13 of the Texas Rules of Civil Procedure, seeking sanctions against Sluder for filing, and his
attorney for signing, a pleading that was groundless and brought in bad faith. See id. In support of
the motion for sanctions, Ogden and her husband, Sydney Ogden, provided affidavits stating that
they were "titled and equitable co-owner[s]" of Tract 58. Ogden also attached an affidavit by the
previous owner of the property stating that Ogden had purchased the property pursuant to a contract
for deed, paid for the property in full, and fulfilled all obligations under the contract. Sluder's
attorney responded by filing a motion to quash Ogden's sanctions motion and requesting his own
Rule 13 sanctions "because the Defendant has presented false and misleading affidavits for the
factfinder." The trial court held a single hearing on both motions for sanctions.

 At the hearing, Sluder revealed that his primary evidence as to his interest in Tract
58 was the contract for deed, executed in 1984, in which Ogden and Sluder agreed to make payments
to the seller in exchange for title to the property once all payments had been made. Ogden testified
that she tendered all payments on the contract. Sluder conceded that he had no evidence to the
contrary and that the 2005 warranty deed was in Ogden's name alone. However, Sluder testified that
he believed he had an interest in the property through a verbal agreement with Ogden regarding a
rental property that she managed. He claimed that Ogden collected rent for a duplex that he owned
and that Ogden used this rent money to satisfy the contract for deed. Sluder acknowledged that the
duplex was in Ogden's name, and offered no proof, apart from his testimony, that he owned the
duplex. 

 With respect to Sluder's assertion that Ogden intended to sell the property, Ogden
testified that the property was not for sale, nor had she ever attempted to sell it in the past. Sluder
conceded that his only evidence in support of his claim that Ogden was selling Tract 58 was that a
neighbor had mentioned to him that Ogden was interested in selling the property. 

 At the conclusion of the hearing, the trial court issued an order finding that Sluder
filed, and his attorney signed, pleadings that were groundless, brought in bad faith, and brought for
the purpose of harassment. It then dismissed the case with prejudice and ordered Sluder and his
attorney to pay $2,000 to Ogden's counsel as attorney's fees. This appeal followed.


STANDARD OF REVIEW

 We review a trial court's award of sanctions for an abuse of discretion. Low v. Henry,
221 S.W.3d 609, 614 (Tex. 2007). In matters committed to a district court's discretion, the test is
whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any
guiding rules or principles. Lake Travis Indep. Sch. Dist. v. Lovelace, 243 S.W.3d 244, 249 (Tex.
App.--Austin 2007, no pet.). In deciding whether the denial of sanctions constitutes an abuse of
discretion, we examine the entire record, reviewing the conflicting evidence in the light most
favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's
judgment. Id. at 250.


DISCUSSION

 Because Sluder's brief identifies both Sluder and his attorney as appellants, we begin
by addressing whether Sluder's attorney is properly before us as an appellant in this case. Courts
have held that nonparties have a right to appeal from a judgment if they clearly have an interest in
the judgment and are bound by it. See Torrington Co. & Intersoll-Rand Corp. v. Stutzman,
46 S.W.3d 829, 843 (Tex. 2000) (stating that person whose interest is prejudiced by error in
judgment has standing to appeal judgment); In re Evans, 130 S.W.3d 472, 478-79
(Tex. App.--Houston [14th Dist.] 2004, orig. proceeding) (holding nonparty with interest in
judgment had right to appeal when bound by judgment); Jernigan v. Jernigan, 677 S.W.2d 137, 140
(Tex. App.--Dallas 1984, no writ) (holding nonparty bound by judgment was entitled to appeal). 
Because the trial court's order requires that "Roger Sluder AND his attorney of record" pay $2,000
to Ogden's attorney, Sluder's attorney has an interest in the order and is bound by it. Therefore,
Sluder's attorney has standing to appeal the trial court's imposition of sanctions against him.

 In addition to standing, however, any party seeking to alter a trial court's judgment
or other appealable order must file a notice of appeal. Tex. R. App. P. 25.1(c). The only notice of
appeal filed in this case was on behalf of Sluder, stating, "Plaintiff, Roger Sluder, hereby gives notice
of his appeal from the Trial Court Judgment dated January 29, 2010." The notice of appeal does not
list his attorney as an appellant, nor did Sluder's attorney file a notice of appeal on his own behalf. 
We agree with other courts of appeals that have held that an attorney who wishes to appeal sanctions
must either join in a party's notice of appeal or file his own. (1) See Matbon, Inc. v. Gries, 287 S.W.3d
739, 740 (Tex. App.--Eastland 2009, no pet.) (dismissing appeal of attorney sanctions for want of
jurisdiction when party lacked standing to appeal and notice of appeal did not list attorney as
appellant); Niera v. Frost Nat'l Bank, No. 04-09-00224-CV, 2010 Tex. App. LEXIS 1709, at *4
(Tex. App.--San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (same); Benavides v. Knapp
Chevrolet, Inc., No. 01-08-00212-CV, 2009 Tex. App. LEXIS 1044, at *7-8 (Tex.
App.--Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (holding that appellate court lacked
jurisdiction to decide appeal of attorney who had not joined in party's notice of appeal). Because
Sluder's attorney failed to properly file a notice of appeal, this Court lacks jurisdiction over his
appeal. See Tex. R. App. P. 25.1(c). We therefore will review only the trial court's imposition of
sanctions against Sluder.

 Turning to the issues on appeal, Sluder claims that the trial court abused its discretion
in imposing sanctions under Rule 13 because (1) Sluder's petition was not groundless, (2) he did not
sign the petition and thus could not be sanctioned, and (3) the trial court's order violated the
Texas Constitution.

 Rule 13 states, in relevant part: 

 

 The signatures of attorneys or parties constitute a certificate by them that they have
read the pleading, motion, or other paper; that to the best of their knowledge,
information, and belief formed after reasonable inquiry the instrument is not
groundless and brought in bad faith or groundless and brought for the purpose of
harassment. . . . If a pleading, motion or other paper is signed in violation of this
rule, the court, upon motion or upon its own initiative, after notice and hearing, shall
impose an appropriate sanction available under Rule 215, upon the person who
signed it, a represented party, or both.



Tex. R. Civ. P. 13. Rule 215 allows a court to impose sanctions which include, among other things,
dismissal of the proceeding with or without prejudice and attorney's fees. Tex. R. Civ. P.
215.2(b)(5), (8). 

 In his first issue on appeal, Sluder argues that the trial court abused its discretion
because the pleading was not groundless. "Groundless" for purposes of Rule 13 means no basis in
law or fact and not warranted by good faith argument for the extension, modification, or reversal of
existing law. Tex. R. Civ. P. 13; see also Lovelace, 243 S.W.3d at 254-56. To determine whether
a pleading is groundless, the trial court employs an objective analysis, asking whether the party and
counsel made a reasonable inquiry into the legal and factual basis of the claim. In re United Servs.
Auto. Ass'n, 76 S.W.3d 112, 115 (Tex. App.--San Antonio 2002, orig. proceeding). In its inquiry,
the court looks to the facts available to the litigant and the circumstances at the time the suit was
filed. Id. A trial court may not base Rule 13 sanctions on the legal merit of a pleading or motion. 
Lovelace, 243 S.W.3d at 254 (citing Emmons v. Purser, 973 S.W.2d 696, 700 (Tex. App.--Austin
1998, no pet.)). Merely filing a motion or pleading that the trial court denies does not entitle the
opposing party to Rule 13 sanctions. Id. 

 Sluder argues that he properly alleged "a particular piece of real estate which he was
attempting to purchase under a Contract for Deed." At the hearing, Sluder himself testified that the
contract for deed was the primary evidence supporting his alleged ownership interest in Tract 58. 
However, a contract for deed merely establishes conditions precedent to a title's transfer. Graves
v. Diehl, 958 S.W.2d 468, 470-71 (Tex. App.--Houston [14th Dist.] 1997, no pet.). Title does not
transfer to the buyer until these conditions are met, at which point another document is required to
transfer legal title. See Flores v. Millennium Interests, Ltd., 185 S.W.3d 427, 429 (Tex. 2005) ("A
contract for deed, unlike a mortgage, allows the seller to retain title to the property until the
purchaser has paid for the property in full."); Jennifer Yarto & DTRJ Invs., L.P. v. Gilliland,
287 S.W.3d 83, 90 (Tex. App.--Corpus Christi 2009, no pet.) ("[L]egal title does not pass under a
contract for deed until the deed is actually delivered to the purchaser . . . ."). Sluder admitted
that he never made any payments on Tract 58, while Ogden testified that she made all payments
on the property. Sluder was also aware of the existence of a warranty deed giving Ogden sole
title to the land. 

 Sluder alleged at the hearing that he had an interest in Tract 58 because Ogden used
rental income from a duplex, allegedly owned by Sluder, to make payments on Tract 58. Sluder
admitted, however, that the duplex was now in Ogden's name and that he had no evidence, other
than his "word," that he had an interest in the duplex. (2) Sluder also never asserted any facts, either
in his petition or at the hearing, that would support his allegation that Ogden used rental income from
the duplex to fund payments for Tract 58. Based on the circumstances known to Sluder and his
attorney at the time of filing, as well as those they should have known via a reasonable inquiry, the
trial court could have reasonably concluded that Sluder's claim of title had no arguable basis in law
or fact and was therefore groundless. Sluder's first issue on appeal is overruled. (3)

 In his second point on appeal, Sluder argues that the trial court abused its discretion
by granting Rule 13 sanctions against him because he did not sign the pleading. Rule 13 permits
sanctions upon "the person who signed [the pleading], a represented party, or both." Sluder,
however, contends that he was entitled to rely on the advice of his attorney in filing the pleading and
should not have been sanctioned. Specifically, Sluder relies on Glass v. Glass, 826 S.W.2d 683
(Tex. App.--Texarkana 1992, no writ), a divorce case in which the attorney filed several frivolous
pleadings and a letter threatening legal action. Id. at 685-86. The Glass court held that the trial court
erred in finding Glass culpable under Rule 13 for the acts of her attorney, as a party should not be
punished for counsel's conduct unless the party is implicated apart from having entrusted its legal
representation to counsel. Id. at 687-88; see also Transamerican Natural Gas v. Powell, 811 S.W.2d
913, 917 (Tex. 1991). 

 Here, Sluder and his attorney are both culpable for the groundless pleading. Sluder
knew that he had never made a payment on the property, that a warranty deed recorded in Blanco
County named Ogden as sole owner of the land, and that, as the contract for deed indicated, title to
the land would not be transferred until all payments were made. See In re Bank One, N.A.,
216 S.W.3d 825, 826 (Tex. 2007) ("We presume that 'a party who signs a contract knows its
contents.'" (quoting Cantella & Co. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996))). Additionally,
as the plaintiff, it was Sluder who ultimately decided whether or not to initiate a lawsuit. His lawyer
did not act unilaterally in filing the initial petition. Given Sluder's role in the filing of the petition,
we conclude that the trial court could have reasonably found that Sluder did more than merely
"entrust his legal representation to counsel," making him eligible for sanctions. Sluder's second
point on appeal is overruled.

 Sluder argues in his third point on appeal that the trial court's sanctions violated the
Texas Constitution. Sluder contends that the sanctions violate article I, section 13 of the Texas
Constitution, which states, "all courts shall be open, and every person for an injury done him . . .
shall have remedy by due course of law." Tex. Const. art. I, § 13. Though due process, as applied
to sanctions, does require a reasonable relationship between the harm done and the sanctions
addressed, see Glass, 826 S.W.2d at 688, Sluder has presented no evidence, either at the hearing or
in his brief, which suggests that the sanctions imposed lacked a reasonable relationship with the
harm done. Furthermore, courts have upheld sanctions of attorney's fees far in excess of the $2,000
ordered here. See id. at 690 (upholding attorney's fees sanctions of $22,500 and $9,650 in divorce
proceeding); Alsheikh v. Dyab, No. 07-08-00162-CV, 2010 Tex. App. LEXIS 2511, at *19 (Tex.
App.--Amarillo Apr. 7, 2010, no pet.) (mem. op.) (upholding attorney's fees sanction of $22,044.45
after two-day bench trial). We overrule Sluder's third point of error.

 Finally, in her brief, Ogden requests additional sanctions for filing a frivolous appeal
pursuant to Texas Rule of Appellate Procedure 45. See Tex. R. App. P. 45. The granting of
sanctions is within the discretion of the appellate court. Id. We exercise this discretion and decline
to assess further sanctions, as the sanctions already imposed are sufficient to accomplish their
purpose of punishing the present conduct and deterring similar conduct in the future. See Delgado
v. Methodist Hosp., 936 S.W.2d 479, 488 (Tex. App.--Houston [14th Dist.] 1996, no writ).



CONCLUSION

 Having overruled all of Sluder's points on appeal, we affirm the trial court's order.



 __________________________________________ Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: January 13, 2011

 

1. The Texas Supreme Court has expressly declined to decide whether an attorney must
perfect a separate appeal apart from that perfected by his client. Braden v. Downey, 811 S.W.2d 922,
928 n.6 (Tex. 1991) ("We express no opinion on the question whether, in order to seek review of
sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his
client.").
2. Sluder testified that he transferred the rental property to Ogden in order to protect the
property while Sluder served time in jail.
3. While Ogden argues on appeal that Sluder's pleadings failed to state a cause of action, our
affirmation of the trial court's sanctions rests on Sluder's inadequate legal theory and is independent
of any defects in the pleading for failure to state a cause of action. See Winters v. Parker,
178 S.W.3d 103, 105-06 (Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing Massey v. Armco
Steel Co., 652 S.W.2d 932, 934 (Tex. 1983)) ("Under the Texas Rules of Civil Procedure, the proper
way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special
exception."); see also Friesenhahn v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998) (holding that trial
court must give party opportunity to replead before dismissing case via special exception).