FILED
IN SUPREME COURT
OF TEXAS

APR 11 2011

BLAKE HAWTHORNE, CLERK

By_____Deputy

11-0233    ORIGINAL

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## JUDGMENT RENDERED JANUARY 13, 2011

---

### NO. 03-10-00280-CV

---

Roger Sluder, Appellant

v.

Carol Joyce Ogden, Appellee

---

**APPEAL FROM THE 424TH DISTRICT COURT OF BLANCO COUNTY
BEFORE CHIEF JUSTICE JONES, JUSTICES PEMBERTON AND HENSON
AFFIRMED -- OPINION BY JUSTICE HENSON**

---

THIS CAUSE came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was no error in the trial court's order: **IT IS THEREFORE** considered, adjudged and ordered that the order of the trial court is in all things affirmed. It is **FURTHER** ordered that the appellant pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00280-CV

### Roger Sluder, Appellant

### v.

### Carol Joyce Ogden, Appellee

---

**FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
NO. CV06875, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

Appellant Roger Sluder filed suit against Carol Joyce Ogden alleging an ownership interest in a tract of land and requesting both an injunction against Ogden's sale of the land and unspecified damages. Ogden filed a motion for Rule 13 sanctions against Sluder and his attorney, claiming that the petition was groundless and filed in bad faith because Sluder had no interest in the property. *See* Tex. R. Civ. P. 13. After a hearing, the trial court dismissed the action with prejudice and granted the motion for sanctions, ordering Sluder and his attorney to pay $2,000 in attorney's fees to Ogden's counsel. Sluder appeals, alleging that the trial court abused its discretion because (1) the petition was not groundless, (2) Sluder did not sign the pleadings, and therefore sanctions against him were improper, and (3) the sanctions violated the Texas Constitution. We affirm the trial court's order.

## BACKGROUND

On November 4, 2009, Sluder filed an original petition for damages and injunctive relief in Blanco County District Court. The petition alleged that Carol Joyce Ogden, Sluder's mother, was attempting to sell a 10.66-acre tract of land in which Sluder claimed an ownership interest ("Tract 58"). Sluder requested that the court issue an injunction of the sale and unspecified damages. He attached a warranty deed, recorded in Blanco County in 2005, that conveyed Tract 58 solely to Ogden. Sluder did not present any other facts in his petition to support his alleged ownership interest in the property. Ogden then filed an answer and motion for sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure, seeking sanctions against Sluder for filing, and his attorney for signing, a pleading that was groundless and brought in bad faith. *See id.* In support of the motion for sanctions, Ogden and her husband, Sydney Ogden, provided affidavits stating that they were "titled and equitable co-owner[s]" of Tract 58. Ogden also attached an affidavit by the previous owner of the property stating that Ogden had purchased the property pursuant to a contract for deed, paid for the property in full, and fulfilled all obligations under the contract. Sluder's attorney responded by filing a motion to quash Ogden's sanctions motion and requesting his own Rule 13 sanctions "because the Defendant has presented false and misleading affidavits for the factfinder." The trial court held a single hearing on both motions for sanctions.

At the hearing, Sluder revealed that his primary evidence as to his interest in Tract 58 was the contract for deed, executed in 1984, in which Ogden and Sluder agreed to make payments to the seller in exchange for title to the property once all payments had been made. Ogden testified that she tendered all payments on the contract. Sluder conceded that he had no evidence to the

2

contrary and that the 2005 warranty deed was in Ogden's name alone. However, Sluder testified that he believed he had an interest in the property through a verbal agreement with Ogden regarding a rental property that she managed. He claimed that Ogden collected rent for a duplex that he owned and that Ogden used this rent money to satisfy the contract for deed. Sluder acknowledged that the duplex was in Ogden's name, and offered no proof, apart from his testimony, that he owned the duplex.

With respect to Sluder's assertion that Ogden intended to sell the property, Ogden testified that the property was not for sale, nor had she ever attempted to sell it in the past. Sluder conceded that his only evidence in support of his claim that Ogden was selling Tract 58 was that a neighbor had mentioned to him that Ogden was interested in selling the property.

At the conclusion of the hearing, the trial court issued an order finding that Sluder filed, and his attorney signed, pleadings that were groundless, brought in bad faith, and brought for the purpose of harassment. It then dismissed the case with prejudice and ordered Sluder and his attorney to pay $2,000 to Ogden's counsel as attorney's fees. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's award of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). In matters committed to a district court's discretion, the test is whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 249 (Tex. App.—Austin 2007, no pet.). In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, reviewing the conflicting evidence in the light most

3

favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment. *Id.* at 250.

## DISCUSSION

Because Sluder's brief identifies both Sluder and his attorney as appellants, we begin by addressing whether Sluder's attorney is properly before us as an appellant in this case. Courts have held that nonparties have a right to appeal from a judgment if they clearly have an interest in the judgment and are bound by it. *See Torrington Co. & Intersoll-Rand Corp. v. Stutzman,* 46 S.W.3d 829, 843 (Tex. 2000) (stating that person whose interest is prejudiced by error in judgment has standing to appeal judgment); *In re Evans,* 130 S.W.3d 472, 478-79 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding nonparty with interest in judgment had right to appeal when bound by judgment); *Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ) (holding nonparty bound by judgment was entitled to appeal). Because the trial court's order requires that "Roger Sluder AND his attorney of record" pay $2,000 to Ogden's attorney, Sluder's attorney has an interest in the order and is bound by it. Therefore, Sluder's attorney has standing to appeal the trial court's imposition of sanctions against him.

In addition to standing, however, any party seeking to alter a trial court's judgment or other appealable order must file a notice of appeal. Tex. R. App. P. 25.1(c). The only notice of appeal filed in this case was on behalf of Sluder, stating, "Plaintiff, Roger Sluder, hereby gives notice of his appeal from the Trial Court Judgment dated January 29, 2010." The notice of appeal does not list his attorney as an appellant, nor did Sluder's attorney file a notice of appeal on his own behalf. We agree with other courts of appeals that have held that an attorney who wishes to appeal sanctions

4

must either join in a party's notice of appeal or file his own.[1] *See Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (dismissing appeal of attorney sanctions for want of jurisdiction when party lacked standing to appeal and notice of appeal did not list attorney as appellant); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 Tex. App. LEXIS 1709, at *4 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (same); *Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 Tex. App. LEXIS 1044, at *7-8 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (holding that appellate court lacked jurisdiction to decide appeal of attorney who had not joined in party's notice of appeal). Because Sluder's attorney failed to properly file a notice of appeal, this Court lacks jurisdiction over his appeal. *See* Tex. R. App. P. 25.1(c). We therefore will review only the trial court's imposition of sanctions against Sluder.

Turning to the issues on appeal, Sluder claims that the trial court abused its discretion in imposing sanctions under Rule 13 because (1) Sluder's petition was not groundless, (2) he did not sign the petition and thus could not be sanctioned, and (3) the trial court's order violated the Texas Constitution.

Rule 13 states, in relevant part:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge,

---

[1] The Texas Supreme Court has expressly declined to decide whether an attorney must perfect a separate appeal apart from that perfected by his client. *Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) ("We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

5

information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13. Rule 215 allows a court to impose sanctions which include, among other things, dismissal of the proceeding with or without prejudice and attorney's fees. Tex. R. Civ. P. 215.2(b)(5), (8).

In his first issue on appeal, Sluder argues that the trial court abused its discretion because the pleading was not groundless. "Groundless" for purposes of Rule 13 means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. Tex. R. Civ. P. 13; *see also Lovelace*, 243 S.W.3d at 254-56. To determine whether a pleading is groundless, the trial court employs an objective analysis, asking whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim. *In re United Servs. Auto. Ass'n*, 76 S.W.3d 112, 115 (Tex. App.—San Antonio 2002, orig. proceeding). In its inquiry, the court looks to the facts available to the litigant and the circumstances at the time the suit was filed. *Id.* A trial court may not base Rule 13 sanctions on the legal merit of a pleading or motion. *Lovelace*, 243 S.W.3d at 254 (citing *Emmons v. Purser*, 973 S.W.2d 696, 700 (Tex. App.—Austin 1998, no pet.)). Merely filing a motion or pleading that the trial court denies does not entitle the opposing party to Rule 13 sanctions. *Id.*

Sluder argues that he properly alleged "a particular piece of real estate which he was attempting to purchase under a Contract for Deed." At the hearing, Sluder himself testified that the

contract for deed was the primary evidence supporting his alleged ownership interest in Tract 58. However, a contract for deed merely establishes conditions precedent to a title's transfer. *Graves v. Diehl*, 958 S.W.2d 468, 470-71 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Title does not transfer to the buyer until these conditions are met, at which point another document is required to transfer legal title. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005) ("A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full."); *Jennifer Yarto & DTRJ Invs., L.P. v. Gilliland*, 287 S.W.3d 83, 90 (Tex. App.—Corpus Christi 2009, no pet.) ("[L]egal title does not pass under a contract for deed until the deed is actually delivered to the purchaser . . . ."). Sluder admitted that he never made any payments on Tract 58, while Ogden testified that she made all payments on the property. Sluder was also aware of the existence of a warranty deed giving Ogden sole title to the land.

Sluder alleged at the hearing that he had an interest in Tract 58 because Ogden used rental income from a duplex, allegedly owned by Sluder, to make payments on Tract 58. Sluder admitted, however, that the duplex was now in Ogden's name and that he had no evidence, other than his "word," that he had an interest in the duplex.[2] Sluder also never asserted any facts, either in his petition or at the hearing, that would support his allegation that Ogden used rental income from the duplex to fund payments for Tract 58. Based on the circumstances known to Sluder and his attorney at the time of filing, as well as those they should have known via a reasonable inquiry, the

---

[2] Sluder testified that he transferred the rental property to Ogden in order to protect the property while Sluder served time in jail.

7

trial court could have reasonably concluded that Sluder's claim of title had no arguable basis in law or fact and was therefore groundless. Sluder's first issue on appeal is overruled.[3]

In his second point on appeal, Sluder argues that the trial court abused its discretion by granting Rule 13 sanctions against him because he did not sign the pleading. Rule 13 permits sanctions upon "the person who signed [the pleading], a represented party, or both." Sluder, however, contends that he was entitled to rely on the advice of his attorney in filing the pleading and should not have been sanctioned. Specifically, Sluder relies on *Glass v. Glass*, 826 S.W.2d 683 (Tex. App.—Texarkana 1992, no writ), a divorce case in which the attorney filed several frivolous pleadings and a letter threatening legal action. *Id.* at 685-86. The *Glass* court held that the trial court erred in finding Glass culpable under Rule 13 for the acts of her attorney, as a party should not be punished for counsel's conduct unless the party is implicated apart from having entrusted its legal representation to counsel. *Id.* at 687-88; *see also Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Here, Sluder and his attorney are both culpable for the groundless pleading. Sluder knew that he had never made a payment on the property, that a warranty deed recorded in Blanco County named Ogden as sole owner of the land, and that, as the contract for deed indicated, title to

---

[3] While Ogden argues on appeal that Sluder's pleadings failed to state a cause of action, our affirmation of the trial court's sanctions rests on Sluder's inadequate legal theory and is independent of any defects in the pleading for failure to state a cause of action. *See Winters v. Parker*, 178 S.W.3d 103, 105-06 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)) ("Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exception."); *see also Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (holding that trial court must give party opportunity to replead before dismissing case via special exception).

the land would not be transferred until all payments were made. *See In re Bank One, N.A.,* 216 S.W.3d 825, 826 (Tex. 2007) ("We presume that 'a party who signs a contract knows its contents.'" (quoting *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996))). Additionally, as the plaintiff, it was Sluder who ultimately decided whether or not to initiate a lawsuit. His lawyer did not act unilaterally in filing the initial petition. Given Sluder's role in the filing of the petition, we conclude that the trial court could have reasonably found that Sluder did more than merely "entrust his legal representation to counsel," making him eligible for sanctions. Sluder's second point on appeal is overruled.

Sluder argues in his third point on appeal that the trial court's sanctions violated the Texas Constitution. Sluder contends that the sanctions violate article I, section 13 of the Texas Constitution, which states, "all courts shall be open, and every person for an injury done him . . . shall have remedy by due course of law." Tex. Const. art. I, § 13. Though due process, as applied to sanctions, does require a reasonable relationship between the harm done and the sanctions addressed, *see Glass,* 826 S.W.2d at 688, Sluder has presented no evidence, either at the hearing or in his brief, which suggests that the sanctions imposed lacked a reasonable relationship with the harm done. Furthermore, courts have upheld sanctions of attorney's fees far in excess of the $2,000 ordered here. *See id.* at 690 (upholding attorney's fees sanctions of $22,500 and $9,650 in divorce proceeding); *Alsheikh v. Dyab,* No. 07-08-00162-CV, 2010 Tex. App. LEXIS 2511, at *19 (Tex. App.—Amarillo Apr. 7, 2010, no pet.) (mem. op.) (upholding attorney's fees sanction of $22,044.45 after two-day bench trial). We overrule Sluder's third point of error.

9

Finally, in her brief, Ogden requests additional sanctions for filing a frivolous appeal pursuant to Texas Rule of Appellate Procedure 45. *See* Tex. R. App. P. 45. The granting of sanctions is within the discretion of the appellate court. *Id.* We exercise this discretion and decline to assess further sanctions, as the sanctions already imposed are sufficient to accomplish their purpose of punishing the present conduct and deterring similar conduct in the future. *See Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 488 (Tex. App.—Houston [14th Dist.] 1996, no writ).

## CONCLUSION

Having overruled all of Sluder's points on appeal, we affirm the trial court's order.

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: January 13, 2011

10



UNITED STATES POSTAL SERVICE

1000

78711

U.S. POSTAGE PAID
SAN ANTONIO.TX
78201
APR 08. 11
AMOUNT
$2.92
00022259-07